1  E. MARTIN ESTRADA
   United States Attorney
2  MACK E. JENKINS
   Assistant United States Attorney
3  Chief, Criminal Division
   MIRI SONG (Cal. Bar No. 291140)
4  Assistant United States Attorney
   International Narcotics, Money
5    Laundering, & Racketeering Section
        1400 United States Courthouse
6       312 North Spring Street
        Los Angeles, California 90012
7       Telephone: (213) 894-2262
        Facsimile: (213) 894-0142
8       E-mail:    miri.song@usdoj.gov

9  Attorneys for Plaintiff
   UNITED STATES OF AMERICA

10

11              UNITED STATES DISTRICT COURT

12           FOR THE CENTRAL DISTRICT OF CALIFORNIA

13  UNITED STATES OF AMERICA,          No. CR 23-564-MWF-1,2,4,5,6

14          Plaintiff,                 PROTECTIVE ORDER REGARDING
                                       DISCOVERY CONTAINING PERSONAL
15          v.                         IDENTIFYING INFORMATION, MEDICAL
                                       INFORMATION, PRIVACY ACT
16  ERICK OVED ESTRADA, ET AL.,        INFORMATION, AND CONFIDENTIAL
                                       WITNESS INFORMATION
17    **ERICK OVED ESTRADA (#1),**

18    **ARIAN ALANI (#2),**

19    **GILBERTO MARQUEZ (#4),**

20    **CASEYA CHANEL BROWN (#5),** and

21    **ZOILA MICHELLE MARQUEZ (#6),**

22          Defendants.

23

24      The Court has read and considered the parties' Stipulation for

25  a Protective Order Regarding Discovery Containing Personal

26  Identifying Information, Medical Information, and Confidential

27  Witness Information, filed by the government and defendants Erick

28  Oved Estrada (#1) ("E. ESTRADA"), Arian Alani (#2) ("ALANI"),

1  Gilberto Marquez (#4) ("MARQUEZ"), Caseya Chanel Brown (#5)

2  ("BROWN"), and Zoila Michelle Estrada (#6) ("Z. ESTRADA"),

3  (collectively, "defendants"), by and through their respective

4  counsel of record, Andy Beltran, Deputy Federal Public Defender

5  Shannon M. Coit, Ambrosio E. Rodriguez, Robert M. Helfend, and

6  Carlos Juarez, (collectively, the "parties"), in this matter on

7  December 27, 2023, which this Court incorporates by reference into

8  this order, and FOR GOOD CAUSE SHOWN the Court hereby FINDS AND

9  ORDERS as follows:

10      1.    The government's discovery in this case relates to

11  defendants' alleged crimes, that is, violation(s) of 21 U.S.C.

12  §§ 846, 841(a)(1) (Distribution of Controlled Substances and

13  Conspiracy) and/or 18 U.S.C. § 1957 (Transactional Money

14  Laundering).

15      2.    A protective order for the discovery is necessary so that

16  the government can produce to the defense materials regarding

17  confidential witnesses who participated in the government's

18  investigation and who may testify at trial.  Because these materials

19  could be used to identify the confidential witnesses, the Court

20  finds that the unauthorized dissemination or distribution of the

21  materials may expose him/her to potential safety risks.

22      3.    A protective order for the discovery is also necessary so

23  that the government can produce to the defense materials containing

24  third parties' PII and medical information.  The Court finds that

25  disclosure of this information without limitation risks the privacy

26  and security of the information's legitimate owners.  The medical

27  information at issue may also be subject to various federal laws

28  protecting the privacy of medical records, including provisions of

1 the Privacy Act, 5 U.S.C. § 552a; provisions of 45 C.F.R.

2 §§ 164.102-164.534; and/or provisions of 42 U.S.C. § 1306.  Because

3 the government has an ongoing obligation to protect third parties'

4 PII and medical information, the government cannot produce to

5 defendants an unredacted set of discovery containing this

6 information without this Court entering the Protective Order.

7 Moreover, PII and medical information make up a significant part of

8 the discovery in this case and such information itself, in many

9 instances, has evidentiary value.  If the government were to attempt

10 to redact all this information in strict compliance with Federal

11 Rule of Criminal Procedure 49.1, the Central District of

12 California's Local Rules regarding redaction, and the Privacy Policy

13 of the United States Judicial Conference, the defense would receive

14 a set of discovery that would be highly confusing and difficult to

15 understand, and it would be challenging for defense counsel to

16 adequately evaluate the case, provide advice to their respective

17 defendants, or prepare for trial.

18      4.    An order is also necessary because the government intends

19 to produce to the defense materials that may contain information

20 within the scope of the Privacy Act, 5 U.S.C. § 552a ("Privacy Act

21 Information").  The Court finds that, to the extent that these

22 materials contain Privacy Act information, disclosure is authorized

23 pursuant to 5 U.S.C. § 552a(b)(11).

24      5.    The purpose of this Protective Order is therefore to

25 (a) allow the government to comply with its discovery obligations

26 while protecting this sensitive information from unauthorized

27 dissemination, and (b) provide the defense with sufficient

28 information to adequately represent defendants.

1       6.   Accordingly, the discovery that the government will

2 provide to defense counsel in the above-captioned case will be

3 subject to this Protective Order, as follows:

4         a.   As used herein, "CI Materials" includes any

5 information relating to a confidential witness's prior history of

6 cooperation with law enforcement, prior criminal history,

7 statements, or any other information that could be used to identify

8 a confidential informant or cooperating witness, such as a name,

9 image, address, date of birth, or unique personal identification

10 number, such as a Social Security number, driver's license number,

11 account number, or telephone number.

12         b.   As used herein, "PII Materials" includes any

13 information that can be used to identify a person, including a name,

14 address, date of birth, Social Security number, driver's license

15 number, telephone number, account number, email address, or personal

16 identification number.

17         c.   "Medical Materials" includes any individually

18 identifiable health information that is connected to a patient's

19 name, address, or other identifying number, such as a Social

20 Security number or Medicare/Medi-Cal number.

21         d.   "Confidential Information" refers to any document or

22 information containing CI Materials, PII Materials, or Medical

23 Materials that the government produces to the defense pursuant to

24 this Protective Order and any copies thereof.

25         e.   A "Defense Team" includes (1) a defendant's counsel

26 of record ("defense counsel"); (2) other attorneys at defense

27 counsel's law firm who may be consulted regarding case strategy in

28 this case; (3) defense investigators who are assisting defense

1  counsel with this case; (4) retained experts or potential experts;

2  and (5) paralegals, legal assistants, and other support staff to

3  defense counsel who are providing assistance on this case.  A

4  Defense Team does not include its defendant, the defendant's family

5  members, or any other associates of the defendant.

6          f.    The government is authorized to provide defense

7  counsel with Confidential Information marked with the following

8  legend: "CONFIDENTIAL INFORMATION -- CONTENTS SUBJECT TO PROTECTIVE

9  ORDER."  The government may put that legend on the digital medium

10  (such as DVD or hard drive) or simply label a digital folder on the

11  digital medium to cover the content of that digital folder.  The

12  government may also redact any PII contained in the production of

13  Confidential Information.

14          g.    If a defendant objects to a designation that material

15  contains Confidential Information, the parties shall meet and

16  confer.  If the parties cannot reach an agreement regarding the

17  defendant's objection, the defendant may apply to this Court to have

18  the designation removed.

19          h.    A defendant and his or her Defense Team shall use the

20  Confidential Information solely to prepare for any pretrial motions,

21  plea negotiations, trial, and sentencing hearing in this case, as

22  well as any appellate and post-conviction proceedings.

23          i.    The Defense Team shall not permit anyone other than

24  the Defense Team to have possession of Confidential Information,

25  including its defendant, while outside the presence of the Defense

26  Team.

27          j.    Notwithstanding the above, a defendant may see and

28  review CI Materials only in the presence of his or her defense

5

1  counsel, and defense counsel shall ensure that his or her defendant

2  is never left alone with any CI Materials.  At the conclusion of any

3  meeting with a defendant at which the defendant is permitted to view

4  CI Materials, the defendant must return any CI Materials to defense

5  counsel, who shall take all such materials with counsel.  A

6  defendant may not take any CI Materials out of the room in which the

7  defendant is meeting with defense counsel.  At no time, under no

8  circumstance, will any Confidential Information be left in the

9  possession, custody, or control of a defendant, regardless of the

10  defendant's custody status.

11          k.    If a defense counsel wishes to enable his or her

12  defendant to review CI Materials in the presence of any person on

13  the Defense Team other than the defense counsel, the defense counsel

14  shall submit a letter to government counsel of record (currently,

15  Assistant United States Attorney MiRi Song) identifying that person

16  (the "designated person"), and shall submit a copy of the protective

17  order stipulation that has been signed by that designated person.

18  Upon receipt of those materials, if the government, in its sole

19  discretion, finds the designated person acceptable, prior to the

20  designated person reviewing any CI Materials with defendant,

21  government counsel of record will confirm in writing that the

22  defendant is additionally allowed to review CI Materials in the

23  presence of the designated person.

24          l.    A defendant may review PII Materials and Medical

25  Materials only in the presence of a member of the Defense Team, who

26  shall ensure that the defendant is never left alone with any PII

27  Materials or Medical Materials.  At the conclusion of any meeting

28  with a defendant at which the defendant is permitted to view PII

1   Materials or Medical Materials, the defendant must return any PII

2   Materials or Medical Materials to the Defense Team, and the member

3   of the Defense Team present shall take all such materials with him

4   or her.  A defendant may not take any PII Materials or Medical

5   Materials out of the room in which the defendant is meeting with his

6   or her Defense Team.

7          m.   A defendant may see and review Confidential

8   Information as permitted by this Protective Order, but the defendant

9   may not copy, keep, maintain, or otherwise possess any Confidential

10  Information in this case at any time.  A defendant also may not

11  write down or memorialize any data or information contained in the

12  Confidential Information.

13         n.   A Defense Team may review Confidential Information

14  with a witness or potential witness in this case, including its

15  defendant.  A defense counsel must be present whenever any CI

16  Materials are being shown to a witness or potential witness.  A

17  member of a Defense Team must be present if PII Materials or Medical

18  Materials are being shown to a witness or potential witness.  Before

19  being shown any portion of Confidential Information, however, any

20  witness or potential witness must be informed of, and agree in

21  writing to be bound by, the requirements of the Protective Order.

22  No member of the Defense Team shall permit a witness or potential

23  witness to retain Confidential Information or any notes generated

24  from Confidential Information.

25         o.   A Defense Team shall maintain Confidential

26  Information safely and securely, and shall exercise reasonable care

27  in ensuring the confidentiality of those materials by (1) not

28  permitting anyone other than members of the Defense Team, its

1  defendant, witnesses, and potential witnesses, as restricted above,

2  to see Confidential Information; (2) not divulging to anyone other

3  than members of the Defense Team, defendant, witnesses, and

4  potential witnesses, the contents of Confidential Information; and

5  (3) not permitting Confidential Information to be outside the

6  Defense Team's offices, homes, vehicles, or personal presence.  CI

7  Materials shall not be left unattended in any vehicle.

8         p.    To the extent that a defendant, his or her Defense

9  Team, witnesses, or potential witnesses create notes that contain,

10 in whole or in part, Confidential Information, or to the extent that

11 copies are made for authorized use by members of the Defense Team,

12 such notes, copies, or reproductions become Confidential Information

13 subject to the Protective Order and must be handled in accordance

14 with the terms of the Protective Order.

15        q.    A Defense Team shall use Confidential Information

16 only for the litigation of this matter and for no other purpose.

17 Litigation of this matter includes any appeal filed by a defendant

18 and any motion filed by the defendant pursuant to 28 U.S.C. § 2255.

19 In the event that a party needs to file Confidential Information

20 with the Court or divulge the contents of Confidential Information

21 in court filings, the filing should be made under seal.  If the

22 Court rejects the request to file such information under seal, the

23 party seeking to file such information publicly shall provide

24 advance written notice to the other party to afford such party an

25 opportunity to object or otherwise respond to such intention.  If

26 the other party does not object to the proposed filing, the party

27 seeking to file such information shall redact any CI Materials, PII

28 Materials, or Medical Materials and make all reasonable attempts to

8

1  limit the divulging of CI Materials, PII Materials, or Medical

2  Materials.

3          r.    Any Confidential Information inadvertently produced

4  in the course of discovery prior to entry of the Protective Order

5  shall be subject to the terms of this Protective Order.  If

6  Confidential Information was inadvertently produced prior to entry

7  of the Protective Order without being marked "CONFIDENTIAL

8  INFORMATION -- CONTENTS SUBJECT TO PROTECTIVE ORDER," the government

9  shall reproduce the material with the correct designation and notify

10 defense counsel of the error.  The Defense Team shall take immediate

11 steps to destroy the unmarked material, including any copies.

12         s.    If any Confidential Information contains both CI

13 Materials and another category of Confidential Information, the

14 information shall be handled in accordance with the CI Materials

15 provisions of this Protective Order.

16         t.    Confidential Information shall not be used by any

17 member of the defense team, in any way, in any other matter, absent

18 an order by this Court.  All materials designated subject to the

19 Protective Order maintained in the Defense Team's files shall remain

20 subject to the Protective Order unless and until such order is

21 modified by this Court.  Within 30 days of the conclusion of

22 appellate and post-conviction proceedings, defense counsel shall

23 return CI Materials to the government or certify that such materials

24 have been destroyed.  Within 30 days of the conclusion of appellate

25 and post-conviction proceedings, defense counsel shall return all

26 PII Materials or Medical Materials, certify that such materials have

27 been destroyed, or certify that such materials are being kept

28

1  pursuant to the California Business and Professions Code and the

2  California Rules of Professional Conduct.

3          u.    In the event that there is a substitution of counsel

4  prior to when such documents must be returned, new defense counsel

5  must be informed of, and agree in writing to be bound by, the

6  requirements of the Protective Order before defense counsel

7  transfers any Confidential Information to the new defense counsel.

8  New defense counsel's written agreement to be bound by the terms of

9  the Protective Order must be returned to the Assistant U.S. Attorney

10  assigned to the case.  New defense counsel then will become the

11  Defense Team's custodian of materials designated subject to the

12  Protective Order and shall then become responsible, upon the

13  conclusion of appellate and post-conviction proceedings, for

14  (1) returning to the government, certifying the destruction of, or

15  retaining pursuant to the California Business and Professions Code

16  and the California Rules of Professional Conduct all PII Materials

17  or Medical Materials; and (2) returning to the government or

18  certifying the destruction of all CI Materials.

19  //

20  //

21  //

22  //

23  //

24  //

25  //

26  //

27  //

28  //

1        v.   Defense counsel shall advise their respective

2    defendants and all members of their respective Defense Team of their

3    obligations under the Protective Order and ensure their agreement to

4    follow the Protective Order, prior to providing their respective

5    defendant and members of the Defense Team with access to any

6    materials subject to the Protective Order.

7        IT IS SO ORDERED.

8

9    December 28, 2023
     DATE                              HONORABLE MICHAEL W. FITZGERALD
                                       UNITED STATES DISTRICT JUDGE
10

11   Presented by:

12    /s/ MiRi Song
     MIRI SONG
13   Assistant United States Attorney

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28