E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
MIRI SONG (Cal. Bar No. 291140)
Assistant United States Attorney
International Narcotics, Money
  Laundering, & Racketeering Section
     1400 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2262
     Facsimile: (213) 894-0142
     E-mail:    miri.song@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 2:23-564-MWF-1,2,5 |
|---|---|
| Plaintiff, | STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT |
| v. | |
| ERICK OVED ESTRADA, ET AL., | |
| **ERICK OVED ESTRADA (#1),** | **CURRENT TRIAL DATE:** 11/12/2024<br>**PROPOSED TRIAL DATE:** 8/5/2025 |
| **ARIAN ALANI (#2),** and | **CURRENT SC DATE:** 10/7/2024 |
| **CASEYA CHANEL BROWN (#5),** | **PROPOSED SC DATE:** 6/23/2025 |
| Defendants. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney MiRi Song, and defendants Erick Oved Estrada (#1) ("E. ESTRADA"), Arian Alani (#2) ("ALANI"), and Caseya Chanel Brown (#5) ("BROWN"), (collectively, "defendants"), both individually and by and through their respective counsel of record, Andy Beltran and Meghan A. Blanco, Deputy Federal

Public Defender Shannon M. Coit, and Robert M. Helfend, (collectively, the "parties"), hereby stipulate as follows:

1. The Indictment in this case was filed on November 15, 2023. Defendants E. ESTRADA, ALANI, Gilberto Marquez (#4) ("MARQUEZ"), and Zoila Estrada (#6) ("Z. ESTRADA") first appeared before a judicial officer of the court in which the charges in this case were pending on November 22, 2023. The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence as to defendants E. ESTRADA, ALANI, MARQUEZ, and Z. ESTRADA on or before January 31, 2024.

2. Defendant BROWN was a fugitive until she self-surrendered on December 1, 2023. The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence as to defendant BROWN on or before February 9, 2024.

3. Defendant Tomas Marquez-Ruiz (#3) ("MARQUEZ-RUIZ") was a fugitive until he was apprehended and first appeared before a judicial officer of the court in which charges in this case were pending on December 19, 2023. The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence as to defendant MARQUEZ-RUIZ on or before February 27, 2024.

4. On November 22, 2023, the Court set a trial date of January 16, 2024, and a status conference date of December 4, 2023 as to defendants E. ESTRADA, ALANI, MARQUEZ, and Z. ESTRADA.

5. On December 1, 2023, the Court set a trial date of January 23, 2024, and a status conference date of December 11, 2023, as to defendant BROWN.

//
//

6.    On December 19, 2023, the Court set a trial date of February 13, 2024, and a status conference date of January 8, 2024, as to defendant MARQUEZ-RUIZ.

7.    Defendants E. ESTRADA, ALANI, and MARQUEZ are currently detained. Defendants BROWN and Z. ESTRADA were granted bail. Defendant MARQUEZ-RUIZ is under home confinement. The parties estimate that the trial in this matter will last approximately eighteen days. All defendants are joined for trial and a severance has not been granted.

8.    By this stipulation, defendants move to continue the trial date to Augus 5, 2025, and the status conference date to June 23, 2025. This is the second request for a continuance.

9.    Defendants request the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

    a.    Defendants are charged with violation(s) of 21 U.S.C. §§ 846, 841(a)(1) (Distribution of Controlled Substances and Conspiracy) and/or 18 U.S.C. § 1957 (Transactional Money Laundering). The government has produced discovery to the defense, including laboratory reports, reports of investigations, photographs, audio and video recordings, transcripts, police reports, and investigative process applications and returns. The government anticipates providing additional discovery.

    b.    Defense counsel for defendant E. ESTRADA provides the following conflicts: (1) <u>United States v. Jesus Hernandez</u>, Case No. 24-cr-4-CAB, trial scheduled and confirmed for October 15, 2024, in the Southern District of California; (2) <u>People v. Bennett</u>, Case No. YA103606, trial in a multi-victim sex abuse case scheduled for trial

1  within 10 days of October 14, 2024; (3) United States v. Moustapha,
2  Case No. 2:24-cr-00168-MCS, trial scheduled for December 10, 2024;
3  (4) United States v. Patron Hernandez, 21-CR-1638-WQH, month long
4  federal hostage taking and murder trial starting January 7, 2025 in
5  the Southern District of California. Accordingly, counsel represent
6  that they will not have the time that they believe is necessary to
7  prepare to try this case on the current trial date.
8        c.   Defense counsel for defendant ALANI provides the
9  following conflicts: (1) United States v. Herrera, case no. 24-cr-
10 00120-MEMF, single defendant and drug distribution case that is set
11 to start February 10, 2025, estimated trial length: one week;
12 (2) United States v. Chavez, case no. 23-cr-00067-MWF, single
13 defendant and felon in possession case that is set to start March 18,
14 2025 and is estimated to last one week; (3) United States v. Navarro,
15 et al., case no. 23-cr-00461-MCS, multi-defendant and campaign fraud
16 case that is set to start April 22, 2025 and is estimated to last
17 three weeks; (4) United States v. Bowers, et al., case no. 24-cr-
18 00541-TJH, multi-defendant and robbery of postal workers that is set
19 to start May 6, 2025 and is estimated to last one week; (5) United
20 States v. Guzman, case no. 24-cr-00289-ODW, single defendant and
21 felon in possession case that is set to start May 6, 2025 and is
22 estimated to last two to three days; and (6) United States v. Mangum,
23 case no. 24-cr-00128-HDV, multi-defendant and bank fraud case that is
24 set to start May 7, 2025 (parties are negotiating plea agreement) and
25 is estimated to last four to five days. Accordingly, counsel
26 represents that she will not have the time that she believes is
27 necessary to prepare to try this case on the current trial date.
28 //

4

       d.    Defense counsel for defendant BROWN provides the following conflicts: (1) People v. Jaime Torres, Case No. 2020033595, jury trial to start on October 11, 2024; (2) People v. Christopher Baum, Case No. 2019025082, jury trial currently scheduled for November 4, 2024, but to be moved to December 3, 2024; (3) United States v. Brian Uehara, Case No. 23-cr-00150-DOC, jury trial to start on November 12, 2024; (4) People v. Johnson, Case No. BA485238, jury trial to start on November 18, 2024; and (5) United States v. Cushman, Case No. 24-cr-00093-02, jury trial to start on February 11, 2025. Accordingly, counsel represents that he will not have the time that he believes is necessary to prepare and will not be available to try this case on the current trial date.

       e.    In light of the foregoing, counsel for defendants also represent that additional time is necessary to confer with defendants, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur. Defense counsel represents that failure to grant the continuance would deny them reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

       f.    Defendants believe that failure to grant the continuance will deny them continuity of counsel and adequate representation.

       g.    The government does not object to the continuance.

       h.    The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of

1 the attorney for the government or the defense, or failure on the
2 part of the attorney for the Government to obtain available
3 witnesses.
4     10.  For purposes of computing the date under the Speedy Trial
5 Act by which defendants' trial must commence, the parties agree that
6 the time period of November 12, 2024 to August 5, 2025, inclusive,
7 should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A),
8 (h)(7)(B)(i) and (h)(7)(B)(iv) because the delay results from a
9 continuance granted by the Court at defendants' request, without
10 government objection, on the basis of the Court's finding that: (i)
11 the ends of justice served by the continuance outweigh the best
12 interest of the public and defendants in a speedy trial; (ii) failure
13 to grant the continuance would be likely to make a continuation of
14 the proceeding impossible, or result in a miscarriage of justice; and
15 (iii) failure to grant the continuance would unreasonably deny
16 defendant continuity of counsel and would deny defense counsel the
17 reasonable time necessary for effective preparation, taking into
18 account the exercise of due diligence.
19     11.  The parties agree that, pursuant to 18 U.S.C. § 3161(h)(6),
20 the time period of November 12, 2024/ to August 5, 2025, inclusive,
21 constitutes a reasonable period of delay for defendants MARQUEZ-RUIZ,
22 MARQUEZ, and Z. ESTRADA, who are joined for trial with their co-
23 defendants and as to whom the time for trial has not run and no
24 motion for severance has been granted.
25 //
26 //
27 //
28 //

12. Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: October 29, 2024          Respectfully submitted,

                                     E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

                                     */s/ MiRi Song*
MIRI SONG
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

I am ERICK OVED ESTRADA's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than August 5, 2025, is an informed and voluntary one.

_____     _____
ANDY BELTRAN                              Date
MEGHAN BLANCO
Attorneys for Defendant
ERICK OVED ESTRADA (#1)

    I have read this stipulation and have carefully discussed it with my attorney. I understand my Speedy Trial rights. I voluntarily agree to the continuance of the trial date and give up my right to be brought to trial earlier than August 5, 2025.

_____     _____
ERICK OVED ESTRADA                        Date
Defendant

I am ARIAN ALANI's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than August 5, 2025, is an informed and voluntary one.

/s/ Shannon Coit                                   11/04/2024

SHANNON D. COIT                                    Date
Deputy Federal Public Defender
Attorney for Defendant
ARIAN ALANI (#2)


I have read this stipulation and have carefully discussed it with my attorney. I understand my Speedy Trial rights. I voluntarily agree to the continuance of the trial date and give up my right to be brought to trial earlier than August 5, 2025.

[signature]                                        11/01/2024

ARIAN ALANI                                        Date
Defendant

9

I am CASEYA CHANEL BROWN's attorney.  I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of her Speedy Trial rights.  To my knowledge, my client understands those rights and agrees to waive them.  I believe that my client's decision to give up the right to be brought to trial earlier than August 5, 2025, is an informed and voluntary one.

*Robert M. Helfend*                         10/31/2024
ROBERT M. HELFEND                            Date
Attorney for Defendant
CASEYA CHANEL BROWN (#5)

I have read this stipulation and have carefully discussed it with my attorney.  I understand my Speedy Trial rights.  I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than August 5, 2025.  I understand that I will be ordered to appear in Courtroom 5A of the Federal Courthouse, 350 W. 1st Street, Los Angeles, California on August 5, 2025, at 8:30 a.m.

*Caseya Brown*                              11/1/2024
CASEYA CHANEL BROWN                          Date
Defendant

10